EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL ORTIZ MALDONADO, acusado y apelante.

Núm. 10574.—*Sometido:* Diciembre 1, 1944.   *Resuelto:* Diciembre 5, 1944.

*Felipe Colón Díaz*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de asesinato en segundo grado. Se le celebró juicio ante un jurado que lo encontró culpable de homicidio involuntario. Ha apelado de la sentencia imponiéndole cuatro meses de cárcel.

Cuando se llamó el caso para juicio, el fiscal solicitó permiso para enmendar la acusación con el fin de que ésta dijera que los hechos imputados al acusado tuvieron lugar el 24 de agosto de 1941, en vez del 28 de agosto como se

alegó originalmente. La corte declaró con lugar la moción, no obstante la oposición del acusado. De conformidad con la minuta del Secretario de la corte de distrito hallada en el legajo de sentencia que constituye todo el récord en apelación "la defensa entonces solicitó la suspensión de la vista del caso por no estar preparada, ya que la enmienda solicitada por el fiscal constituye una sorpresa para el acusado, y discutida la cuestión, la corte denegó la moción de suspensión antes referida y que se proceda a la celebración del juicio".

El acusado alega como primer error que la corte inferior abusó de su discreción al no declarar con lugar su moción de suspensión. En ausencia de una transcripción que exponga los fundamentos de la moción, no podemos resolver que esta actuación de la corte de distrito fué un abuso de discreción. El abogado del acusado alega que aquel que viene preparado a ofrecer la defensa de coartada tiene derecho a una suspensión bajo tales circunstancias. Pero nada hay en el récord ante nos que demuestre que ésos fueron los hechos en este caso. El acusado no nos ha probado que la resolución de la corte de distrito le perjudicó.

El segundo error señalado es que la acusación no aduce hechos suficientes constitutivos de delito alguno o del delito de asesinato en segundo grado. La acusación de asesinato en segundo grado alega lo siguiente:

". . . el referido acusado, Rafael Ortiz Maldonado, allá en o para *el día 24 de agosto de 1941* y en Ponce, . . .voluntaria, ilegalmente, con malicia y premeditación *dió muerte* ilegal al ser humano, María Valentín, atacándola y agrediéndola con una piedra, produciéndole una grave contusión en la región frontal derecha, a consecuencia de la cual falleció la referida María Valentín." (Bastardillas nuestras).

Alega el apelante que la acusación era defectuosa fatalmente en que no alegaba que la muerte de la víctima ocurriera dentro de un año y un día después de la alegada agresión. Artículo 205, Código Penal, Edición 1937. Asumiendo,

sin decidirlo, que es imperativo alegar la fecha de la muerte, la acusación en este caso fácilmente cumple con este requisito, ya que se alega que todos los sucesos en cuestión, incluyendo la muerte de la víctima, ocurrieron el mismo día, 24 de agosto de 1941.

Añadimos que la administración de la justicia en Puerto Rico nunca se cumplirá a cabalidad si las cortes continúan imponiendo sentencias tan benignas en casos de esta naturaleza y si la resolución definitiva de tales casos se demora como en el presente por más de tres años. En el presente caso no podría ofrecerse ni aún la excusa corriente—preparación de la transcripción de evidencia.

*La sentencia de la corte de distrito será confirmada.*